IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN ROMERO, ) | No. C 07-0150 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| ) | **(Docket Nos. 2 & 4)** |
| SUZAN L. HUBBARD, et al., ) | |
| Defendants. ) | |

Plaintiff, a California prisoner at the California Training Facility in Soledad, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,

N:\MJJ\Week of 7.16.07\romero.dsm.wpd

48 (1988).

Plaintiff alleges that in 2005, the prison implemented a new policy allowing inmates to keep non-clear appliances until they are no longer functioning. According to plaintiff, this policy will cause his "Levi's, Levis' Jackets, socks et seq. [to] be eliminated through attrition." Plaintiff claims that this policy violates the Administrative Procedures Act ("APA"), as well has his rights to due process and under the Fourteenth Amendment.

The APA, 5 U.S.C. § 551 et seq., allows judicial review of federal administrative actions. The decision challenged by petitioner herein was a decision by state, not federal, administrative officials, and consequently is not governed by the APA. Accordingly, plaintiff's APA claim is not cognizable.

With respect to his due process and Fourteenth Amendment claims, ordinarily due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). The allegations in the complaint are clear, however, that prison officials have not confiscated or taken any of his property. To begin with, there is no allegation in the complaint that plaintiff has any non-clear appliances. Plaintiff simply alleges that he is in possession of clothing items, to which the policy, on its face, does not apply. Moreover, to whatever extent plaintiff may have such appliances, the policy at issue does not authorize confiscation of such appliances,[1] but rather allows inmates to keep their appliances until they are no longer functioning. Finally, to whatever extent plaintiff means to claim he has an interest in obtaining new non-clear appliances *in the future*, such an interest is not protected by due process because it neither pertains to petitioner's liberty nor subjects plaintiff to conditions outside the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 477-87 (1995). Accordingly, petitioner's Fourteenth Amendment and due process claims are not cognizable.

---

[1] To whatever extent plaintiff wishes to contend his property was confiscated from him anyway, such confiscation, which is not authorized by the policy, whether negligent or intentional, would not state a due process claim under § 1983. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property)

1   Accordingly, this action is hereby DISMISSED for failure to state a claim upon which
2 relief can be granted.[2] In light of this dismissal, the application to proceed in forma pauperis
3 is DENIED, and no filing fee is due.
4   This order terminates Docket Nos. 2 & 4.
5   The Clerk shall close the file, and terminate any pending motions.
6   IT IS SO ORDERED.
7 DATED:   7/11/2007   _____
                                            MARTIN J. JENKINS
8                                           United States District Judge

---

[2] Leave to amend is not warranted because plaintiff's allegations establish that no constitutional violation took place.

N:\MJJ\Week of 7.16.07\romero.dsm.wpd        3